IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**NATHAN ADAM COOK, SR.,**

    **Plaintiff,**                        Case No. 2:25-cv-01117

    v.                                **District Judge Michael H. Watson**
                                     **Magistrate Judge Kimberly A. Jolson**

**GROVEPORT MADISON**
**LOCAL SCHOOL DISTRICT, et. al.,**

    **Defendants.**

## ORDER AND REPORT & RECOMMENDATION

Plaintiff's Second Amended Complaint is before the Court (Doc. 11). After conducting the required initial screen, the Undersigned concludes that Plaintiff's claims against all Defendants except Franklin County Children Services may proceed.

**I.    BACKGROUND**

Plaintiff, who proceeds without the assistance of counsel, first filed this case over two months ago. (Doc. 1). Before granting him leave to proceed *in forma pauperis*, the Court ordered Plaintiff to clarify his monthly expenses and income. (Doc. 5). The next day, along with the amended *in forma pauperis* application, Plaintiff filed an amended complaint that was almost sixty pages long and asserted over twenty causes of action. (Docs. 6, 6-1). While the Court granted him leave to proceed *in forma pauperis*, the Court also ordered Plaintiff to file a streamlined complaint after observing that his Complaint made the task of conducting a screen under 28 U.S.C. § 1915(a) impossible. (Doc. 7). After several weeks, Plaintiff filed his Second Amended Complaint. (Doc. 11).

Plaintiff brings this action "individually and as parent and next friend of N.C., a minor." (Doc. 11 at 1). N.C. is Plaintiff's tracheostomy-dependent child. (*Id.*). Plaintiff alleges that

over the span of three years, Defendants Groveport Madison Local School District ("the District"), Groveport Madison Board of Education ("The Board"), Franklin County Children Services ("FCCS"), and unspecified "individual employees of the District and FCCS" denied N.C. educational services on the basis of his disability and deprived Plaintiff of rights under federal law. (*Id.* at ¶ 4).

As told by his Second Amended Complaint, the District initially denied N.C.'s school enrollment based on his disability. (*Id.* at ¶¶ 5–6). And when he was eventually allowed to enroll, the District failed to provide N.C. with a meaningful special education program. (*Id.* at ¶¶ 6–7). More specifically, the District "offered an inadequate one-hour daily program and failed to secure competent nursing staff." (*Id.* at ¶ 7). And, says Plaintiff, in the Summer of 2024, a nurse from the District "attempted or performed unsafe tracheostomy care." (*Id.* at ¶ 8). When Plaintiff and N.C.'s mother offered to come to school and care for N.C. during the day, Plaintiff alleges the District subjected them to "pretextual background-check demands" and ultimately denied the request. (*Id.* at ¶ 7). He says District officials also "pressured Plaintiffs toward homeschooling." (*Id.* at ¶ 9). After all of this, the District allegedly produced documents showing that one of N.C.'s parents could have accompanied him at school as an accommodation all along. (*Id.*).

Plaintiff's story does not end there. In 2024 and 2025, FCCS investigated Plaintiff multiple times and initiated administrative procedures against him. (*Id.* at ¶ 10). While Plaintiff does not state why FCCS did so, he nevertheless claims that FCCS "coordinated false reports, perjured statements by school employees, and [conducted] inter-agency coordination culminating in retaliatory proceedings and a harassment/stalking protection order timed with purported CPS determinations." (*Id.*).

2

Now, Plaintiff, on behalf of himself and N.C., asserts a variety of discrimination claims against Defendants. (*Id.* at ¶ 4). Plaintiff sues the District, the Board, and their individual employees for alleged violations of the Individuals with Disabilities in Education Act ("IDEA"), Section 504 of the Rehabilitation Act ("Section 504"), and Title II of the Americans with Disabilities Act ("ADA"). (*Id.* at ¶¶ 12–14). He sues all Defendants for violations of Procedural Due Process, Substantive Due Process, and Equal Protection under the Fourteenth Amendment of the United States Constitution. (*Id.* at ¶ 11). Against all Defendants, Plaintiff asserts civil conspiracy claims under 42 U.S.C. §§ 1983 and 1985 for Defendants' "coordinated CPS referrals, false allegations, and use of administrative processes" to deprive Plaintiff's rights. (*Id.* at ¶ 15). Plaintiff seeks monetary and injunctive relief for these claims. (*Id.* at 4–5).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Pro se* litigants' complaints are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P.

3

8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

**III.     DISCUSSION**

As an initial matter, Defendant FCCS should be dismissed from this case. FCCS, as a department or agency of Franklin County is not *sui juris* and cannot be sued in its own right. *Arsan v. Keller*, No. 3:17-CV-121, 2018 WL 635894, at *4 (S.D. Ohio Jan. 31, 2018) ("As a branch of the County government, Green County Children's Services Board lacks the capacity to be sued."), *report and recommendation adopted*, No. 3:17-CV-121, 2018 WL 3933706 (S.D. Ohio Aug. 16, 2018), *aff'd*, 784 F. App'x 900 (6th Cir. 2019); *see also Curry v. Fed. Gov't*, No. 1:24-CV-299, 2024 WL 2988884, at *3 (S.D. Ohio June 14, 2024) ("Under Ohio law, neither a county nor its department of job and family services is an entity capable of being sued." (citing *Lowe v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, No. 1:05-cv-117, 2008 WL 816669, at *2 (S.D. Ohio Mar. 26, 2008))), *report and recommendation adopted*, No. 1:24-CV-299, 2024 WL 3273467 (S.D. Ohio

July 2, 2024).  Nor does Plaintiff allege liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), against FCCS.  (*See generally* Doc. 11).  Therefore, the Undersigned **RECOMMENDS** that FCSS be **DISMISSED**.

Having reviewed the remainder of Plaintiff's claims, and without the benefit of briefing by the parties, the Court concludes that all claims asserted against the District, the Board, and the unidentified Defendants may proceed at this juncture.  Notably, this is only a preliminary determination.  The Court has not ruled on the merits of Plaintiff's claims, nor has the Court considered any potential defenses.  Defendants are not precluded from filing a motion to dismiss, a motion for a more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure.  *See, e.g.*, *Wiley v. Austin*, No. 8:20-cv-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

Relatedly, the Undersigned observes that Plaintiff, acting *pro se*, asserts a number of claims on behalf of his minor child, N.C.  (Doc. 11 at ¶¶ 11 (alleging Defendants discriminated against N.C. in violation of the Equal Protection Clause), 12 (alleging Defendants denied N.C. a Free and Appropriate Public Education in violation of the IDEA), 13 (alleging Defendants discriminated against N.C. in violation of Section 504), 14 (alleging Defendants denied N.C. equal access to education in violation of the ADA)).  Ordinarily, a parent acting *pro se* may not sue or defend on their minor child's behalf.  *Curtis v. Hamby*, No. 5:12-CV-13, 2013 WL 5220017, at *2 (W.D. Ky. Sept. 16, 2013) (noting "the claims filed on behalf of T.H. can be dismissed" because plaintiff, acting as next friend, may not proceed *pro se* on behalf of her child); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[P]arents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."); *see also Cavanaugh ex rel. Cavanaugh v. Cardinal Loc. Sch. Dist.*, 409 F.3d

753, 756 (6th Cir. 2005) (holding the IDEA provides no right for parents to proceed *pro se* on behalf of their minor children), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Recognizing Plaintiff's efforts to secure representation, the Undersigned declines to recommend dismissal of Plaintiff's claims on these grounds at this time. **That said, this Order acts as notice to Plaintiff that he should secure counsel with haste.**

For this case to proceed, Defendants must be served. But Plaintiff has not submitted the forms upon the Board. Plaintiff is **ORDERED** to submit a completed summons and U.S. Marshal form for the Board **within seven (7) days**. Additionally, Plaintiff's summons form for the District lists Superintendent Jamie Grube but does not contain the District's name. (Doc. 12 at 1). It also does not contain Plaintiff's name and address in between the second and third paragraphs. (*Id.*). **Within seven (7) days**, Plaintiff is **ORDERED** to re-file his summons form for the District with this information. On that form, he should indicate that the summons are to be delivered to the District, and if he wishes for the summons to be placed in the care of Jamie Grube, he should also make that clear. Plaintiff may refer to the Southern District of Ohio's Guide for *Pro Se* Litigants at pages 9–11 and 30–39 for more information about service and these forms. Once Plaintiff submits the proper forms, the Court will order service.

Importantly, Plaintiff's Second Amended Complaint does not name the thirty "individual employees of the District and FCCS" he intends to sue. (Doc. 11 at ¶ 4). Before service may be issued upon them, Plaintiff must file a motion to issue service setting forth their identities. Therefore, Plaintiff is **ORDERED** to file a motion to issue service, including United Stated Marshal and summons forms, when he confirms their identities through discovery. Plaintiff is advised that no service will be issued upon them unless Plaintiff complies with this Order.

As a final note, Plaintiff previously moved for electronic filing rights. (Doc. 2). That motion is **GRANTED**. Plaintiff is **WARNED** that the Court may revoke this permission at any time should Plaintiff not conform filings to the Federal and Local Rules. He is specifically **REMINDED** that he must refer to minor children by their initials in all filings.

Plaintiff also filed a motion to stay (Doc. 3). Because the Court conducted the present screen, that Motion is **DENIED as moot.**

IV. **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that FCCS be **DISMISSED**. All claims against the District, the Board, and the unidentified Defendants may proceed at this juncture. Plaintiff is **ORDERED** to submit a completed summons and U.S. Marshal Form for the Board **within seven (7) days**. On or before that same date, Plaintiff is **ORDERED** to re-file his summons form for the District, listing the District's name and address, as well as his own name and address.

Once Plaintiff confirms the identities of the John and Jane Doe Defendants through discovery, he is **ORDERED** to file a motion to issue service that includes U.S. Marshal and summons forms. No service will be issued upon them unless Plaintiff complies with this Order.

The Court **GRANTS** Plaintiff's Motion to file electronically (Doc. 2) and **DENIES as moot** his Motion to Stay (Doc 3). Finally, within **thirty (30) days**, Plaintiff must update the Court on his efforts to secure counsel.

IT IS SO ORDERED.

Date: December 10, 2025            /s/ Kimberly A. Jolson
                                    KIMBERLY A. JOLSON
                                    UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).