**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**NATHAN COOK,**

| | |
|---|---|
| **Plaintiff,** | **Case No. 2:25-cv-1117** |
| **v.** | **District Judge Michael H. Watson** |
| | **Magistrate Judge Kimberly A. Jolson** |

**GROVEPORT MADISON**
**LOCAL SCHOOL DISTRICT, et al.,**

        **Defendants.**

### REPORT & RECOMMENDATION

This matter before the Court is Plaintiff's failure to respond to a show cause order.  For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint asserted against the District, the Board, and the unidentified Defendants (Doc. 11) be **DISMISSED** for failure to prosecute.

### I.    BACKGROUND

Plaintiff, who proceeds without the assistance of counsel, first filed this case in September 2025.  (Doc. 1).  He brings this action "individually and as parent and next friend of N.C., a minor." (Doc. 11 at 1).  N.C. is Plaintiff's tracheostomy-dependent child.  (*Id.*).  Plaintiff alleges that over the span of three years, Defendants Groveport Madison Local School District ("the District"), Groveport Madison Board of Education ("The Board"), Franklin County Children Services ("FCCS"), and unspecified "individual employees of the District and FCCS" denied N.C. educational services on the basis of his disability and deprived Plaintiff of rights under federal law. (*Id.* at ¶ 4).

Plaintiff, on behalf of himself and N.C., asserts a variety of discrimination claims against

Defendants. (*Id.* at ¶ 4). Plaintiff sues the District, the Board, and their individual employees for alleged violations of the Individuals with Disabilities in Education Act ("IDEA"), Section 504 of the Rehabilitation Act ("Section 504"), and Title II of the Americans with Disabilities Act ("ADA"). (*Id.* at ¶¶ 12–14). He sues all Defendants for violations of Procedural Due Process, Substantive Due Process, and Equal Protection under the Fourteenth Amendment of the United States Constitution. (*Id.* at ¶ 11). Against all Defendants, Plaintiff asserts civil conspiracy claims under 42 U.S.C. §§ 1983 and 1985 for Defendants' "coordinated CPS referrals, false allegations, and use of administrative processes" to deprive Plaintiff's rights. (*Id.* at ¶ 15).

On a screen, the Court previously dismissed Plaintiff's claims against FCCS because it cannot be sued in its own right. (Doc. 13 at 4; Doc. 15). As for the other Defendants, the Undersigned thrice ordered Plaintiff to refile his service forms for the District and to file service forms for the Board. (Docs. 13, 14, 16). To date, Plaintiff has not filed proper service forms. Concerning the claims Plaintiff asserted on his son's behalf, the Undersigned ordered Plaintiff to file a status report updating the Undersigned on his efforts to find counsel. (Doc. 16). Plaintiff failed to file a status report as well. This case cannot languish any longer.

## II. DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court

as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded 30 days to do so, Plaintiff failed to provide proper service forms. And then, he failed to respond to the Court's two Show Cause Orders by the imposed deadlines. What's more, because the Show Cause Orders center on Plaintiff's service forms, Plaintiff has brought this case to a halt. Because of Plaintiff's actions (or lack thereof), the Court cannot order service upon Defendants. This demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Moreover, as this Court has said, "[f]ailure to comply with this Court's orders in several instances indicates willfulness." *Manning v. Diversified Collection Servs., Inc.*, No. 3:09-CV-153, 2010 WL 1438735 (S.D. Ohio Apr. 9, 2010). As detailed above, Plaintiff has, on several occasions, refused to comply with this Court's clear instructions for months. This clear record of

3

delay and noncompliance demonstrates Plaintiff has "a reckless disregard for the effect of his conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).  The Undersigned cannot help but infer that Plaintiff's behavior will continue if the Court were to ask him to file the proper service forms for a fourth time.  There is no reason to believe that such an exercise would be more than a drain on judicial resources.

Considering the second factor, because Defendants have not been served, there is little risk of prejudice.  *Cf. Wilson v. T.D.O.C.*, No. 1:17-CV-348, 2018 WL 4006781, at *2 (E.D. Tenn. Aug. 22, 2018) (dismissing a case for failure to prosecute even though the second factor weighed against dismissal).  But the remaining considerations nonetheless weigh in favor of dismissal.  The Court has twice warned Plaintiff to show cause, or else the action could result in dismissal.  (Docs. 14, 16).  And the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings.  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation" outweigh allowing this case to linger.  *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III.    CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 11) be **DISMISSED** for failure to prosecute.

4

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made.  Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date:  February 18, 2026                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE